### SCHNEIDER et al. v. FREY.
No. C–480.

District Court, D. New Jersey.
Dec. 17, 1941.

Sandmeyer & Meisner, of Newark, N. J. (William J. Dowd, of New York City, of counsel), for plaintiffs.

John Trier, of Newark, N. J., for defendant.

SMITH, District Judge.

This is an action for unfair competition. The issues are the conventional issues usually presented in actions of this kind. The determinative facts are relatively few and do not require extensive discussion.

### Findings of Fact.

I. The plaintiffs are residents and citizens of the State of New York; the defendant is a resident and citizen of the State of New Jersey.

II. The plaintiffs, partners, trading as August Thomsen & Co., are, and have been, for more than twenty-five years, engaged in the manufacture and sale of an ornamenting syringe; the defendant, a former employee of the plaintiff, is, and has been, for approximately twenty years, engaged in the manufacture and sale of a similar device.

III. The device, which is used for decorating cake, pastry, etc., had been in common use long prior to its manufacture by either the plaintiff or the defendant. It consists of an ejector unit and a set of interchangeable nozzles, the orifices of which differ in design and pattern the decoration. Each nozzle is identified by number.

IV. The product of the plaintiffs' manufacture is, and has been, for approximately twenty-five years, identified by the trade mark Ateco, a coined word derived from the name "August Thomsen & Co.", the name under which the plaintiffs are, and have been for the said period of time, doing business. The said trade mark was duly registered in the United States Patent Office on January 8, 1924.

V. The product of the plaintiff's manufacture is, and has been for approximately twenty-five years, marketed in a carton of suitable size. The carton is light blue, and bears on the top side of the cover a label on which there are imprinted the trade mark Ateco, which is in script, and representative drawings of the contents of the carton; the label, which is likewise light blue, rests against a white background and is so placed that the exposed edges of the background form a frame around the label and along the top edges of the carton. The package, however, is not distinctive either in design or general appearance. The only real identifying characteristic of the package is the trade mark.

VI. The product of the defendants' manufacture, prior to the institution of this suit, was, and had been for approximately twenty years, likewise marketed in a carton of suitable size. The carton was light blue, and bore on the top side of the cover a label on which there were imprinted the trade name Artist, which was in script, and representative drawings of the contents of the carton; the label, which was likewise light blue, rested against a white background and was so placed that the exposed edges of the background formed a frame around the label and along the top edges of the carton. This package, however, was likewise not distinctive in either design or general appearance. The only real identifying characteristic was the trade name.

VII. The package of the plaintiffs bears a striking resemblance to the package of the defendant. It is apparent from the descriptions that the cartons are identical in size, color and style of print. There is not, however, such a similarity in general appearance as would confuse or de-

922

ceive the ordinarily prudent purchaser. The package of the defendants is not a colorable imitation of the package of the plaintiff.

VIII. The name of the manufacturer does not appear on either of the packages, and, except for the trade mark Ateco and the trade name Artist, there is nothing to indicate the source of the product. The packages, when considered per se, lack distinction in design, as hereinabove stated, and, in the mind of the court, there is considerable doubt that either package is, or has been, associated in the mind of the public with the product.

IX. The foregoing finding of fact is supported by the undisputed testimony that the plaintiffs, although not abandoning the package hereinabove described, have indiscriminately used other packages which differ in both color and style. It clearly appears that the only common identifying characteristic of the plaintiffs' packages has been the trade mark.

X. The plaintiffs had been fully informed in 1924 of the alleged unfair competitive practices, but did nothing except demand by letter that the said practices be discontinued. The instant suit was not instituted until August 16, 1939, more than fifteen years after the plaintiffs had become cognizant of the alleged unfair competitive practices.

XI. The defendant, after the commencement of this action, discontinued the package hereinabove described. The defendants' product is, and has been since the said discontinuance, marketed in a yellow carton, which bears on the top side of the cover a label on which there are imprinted the trade name Artist, which is in script, and representative drawings of the contents of the carton. The trade name Artist, although in script, bears no resemblance in appearance to the trade name Ateco.

XII. The new package of the defendant differs from the package of the plaintiffs in color and general appearance. The possibility of confusion and deception, if there were such possibility, has been completely eliminated.

XIII. The record is devoid of any competent evidence of actual confusion or deception. This fact, although not determinative, is persuasive, where, as here, the issue of similarity may be doubtful.

XIV. The interchangeable nozzles are, and have been, identified by numbers, which correspond to the numbers by which the patterns they produce are, and have been, identified. The defendant's system of identification is identical with the plaintiffs' system of identification. It clearly appears, however, that the said system has been in common use since 1895. Neither the patterns nor the numbers identifying them have been exclusive with the plaintiffs, and they, therefore, have acquired no property right in them.

Conclusions of Law

I. The plaintiffs are not entitled to an injunction for the reasons hereinabove stated.

II. If the plaintiffs were entitled to injunctive relief their right to an accounting for profits is barred because of their undue delay in asserting this right.

III. A judgment in favor of the defendant and against the plaintiffs but without costs, may be entered.